UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-30093-MAP

| | |
|---|---|
| LOURDES RIVERA, | |
| Plaintiff, | |
| v. | COMPLAINT and |
| TRAMMELL CROW COMPANY | DEMAND FOR JURY |
| Defendant. | |

## INTRODUCTION

1. Plaintiff Lourdes Rivera ("Ms. Rivera") brings this action for equitable relief and compensatory and punitive damages against Defendant Trammell Crow Company with a place of business in Tower Square in Springfield, Massachusetts ("Trammell Crow") under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination, M.G.L. c. 151B.

2. During the course of her employment at Trammell Crow, Ms. Rivera was subjected to discrimination based on her national origin when she was terminated from her employment and was not hired to a position for which she was qualified.

3. Ms. Rivera seeks compensation for the grave harm she has suffered and continues to suffer as a result of the actions and omissions of the defendant, and seeks equitable and injunctive relief.

## PARTIES

4. Plaintiff Ms. Rivera is a Puerto Rican woman and a citizen of the United States who resides in Springfield, Massachusetts.

5. Defendant Trammell Crow Company is a publicly traded foreign corporation with a main office located at 2001 Ross Avenue, Suite 3400 Dallas, Texas and a place of business at 1500 Main Street, Springfield, Massachusetts.

6. Trammell Crow is a "person" within the meaning of M.G.L. c. 151B, § 1.

7. Trammell Crow employs 6 or more employees, and is an "employer" within the meaning of M.G.L. c. 151B, § 1.

8. Trammell Crow is a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

9. Trammell Crow is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

10. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g), as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) (3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampshire in the

Commonwealth of Massachusetts, the plaintiff resides in the County of Hampshire in the Commonwealth of Massachusetts, the defendant conducts business and has substantial business contacts in the Commonwealth of Massachusetts.

## STATEMENT OF FACTS

12. I am a dark-skinned Puerto Rican woman with an accent and I reside in Springfield, MA.

13. I began as a temporary accountant/receptionist with Trammell Crow on or around February, 2002.

14. Trammell Crow manages Tower Square and many other properties and has done so at all times relevant to this complaint.

15. On or around May 2002, I was hired as a part-time employee of Trammell Crow as an accountant/receptionist working up to 30 hours per week.

16. In my position I performed the duties of an accountant and of a receptionist.

17. During my tenure as an employee of Trammell Crow I had good reviews, never had any performance warnings or reprimands and was qualified for my position.

18. On or around May or June 2003, the then receptionist quit her position.

19. A month or two prior to my termination a white temporary employee began at Trammell Crow as a part-time receptionist.

20. Upon information and belief, the white temporary employee had no accounting duties, experience or training as an accountant at the time she began as a temporary employee with Trammell Crow.

21. Several weeks prior to my termination a new Director of Employee Relations began with Trammell Crow.

22. She and I spoke several times on the phone and once in person.

23. On or around the beginning of August, 2003, I was told that my position was being eliminated.

24. I was told that the job was now going to be a 40 hour per week position with the same accounting and receptionist duties as my then current position.

25. I applied for the position and was told that even though I was an employee and had been performing the necessary duties of the position I had to interview for the position.

26. At no time did I observe others interviewing for the position.

27. During my interview I was told a number of things including that I had to be "really professional" and was asked if I knew that the position of "receptionist is the face of the company".

28. At my interview I believed that Mr. Christensen offered me the position.

29. I immediately called a person in benefits and inquired about the benefits associated with the full-time position.

30. I told her that I was offered the position and she stated that that was not what she had been told.

31. On or around August 22, 2003, the Director of Employee Relations terminated my employment.

32. I was also told that I did not get the full-time accounting-receptionist position.

33. The woman who got the full-time position performing my duties was the white temporary receptionist who began as a temporary employee about one month prior who had no experience with accounting duties, or experience or training as an accountant.

34. I was earning $14.01 per hour when I was terminated from my employment

35. I charge Trammell Crow with discriminatorily terminating me in violation of law.

36. I charge Trammell Crow with discriminatorily failing to hire me in violation of law.

37. Upon information and belief my employer treats Puerto Rican employees more harshly and in a discriminatory manner.

38. There are no Puerto Rican employees working in Trammell Crow's Springfield office.

39. The only Puerto Rican employees at Trammell Crow's Springfield location are in maintenance and in the garage.

40.     The discriminatory termination has had a negative impact upon me. It has caused me to lose pay, benefits and perquisites of my employment and has caused me emotional distress.

41.     The discriminatory failure to hire me has had a negative impact upon me. It has caused me to lose pay, benefits and perquisites of my employment and has caused me emotional distress.

42.     All conditions precedent under M.G.L. ch. 151B have occurred or been complied with:

a.     A charge alleging discrimination by the defendant on the basis of sexual and gender harassment was filed with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the discriminatory actions alleged in the Charge.

b.     This complaint has been filed within three years of the last discriminatory act alleged in Ms. Rivera's MCAD charge.

43.     All conditions precedent under Title VII have occurred or been complied with:

a.     A charge alleging discrimination by the defendant on the basis of sexual and gender harassment was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory actions alleged in the charge.

b.     Ms. Rivera received a Notification of Rights regarding her EEOC charge on May 10, 2004.

c.     This complaint has been filed within 90 days of Ms. Rivera's receipt of the Notification of Rights.

## FIRST CLAIM FOR RELIEF:
## DISCRIMINATION BASED ON NATIONAL ORIGIN
## IN VIOLATION OF
## M.G.L. c. 151B, §§ 4(1) and (16A)

44.    Plaintiff Lourdes Rivera repeats the allegations set forth in paragraphs 1 through 43 above, and incorporates those allegations as if fully set forth herein.

45.    The actions and omissions of Trammell Crow constitute and create a hostile work environment and unlawful discrimination against Ms. Rivera based on her national origin in violation of M.G.L. c. 151B, §§ 4(1) and (16A).

46.    The discriminatory actions and omissions of Trammell Crow have caused, continue to cause and will cause Ms. Rivera to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## SECOND CLAIM FOR RELIEF:
## DISCRIMINATION BASED ON NATIONAL ORIGIN
## IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)

47.    Plaintiff Lourdes Rivera repeats the allegations set forth in paragraphs 1 through 46 above, and incorporates those allegations as if fully set forth herein.

48.    The actions and omissions of Trammell Crow constitute and create a hostile work environment and unlawful discrimination against Ms. Rivera

based on her national origin in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1)

49. The discriminatory actions and omissions of Trammell Crow have caused, continue to cause and will cause Ms. Rivera to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## PRAYER FOR RELIEF

Plaintiff Lourdes Rivera prays the Court to grant her the following relief:

1. That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendant discontinue their discriminatory practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus statutory interest on any such award.

3. That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5. That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff Lourdes Rivera demands trial by jury on all triable issues.

Respectfully submitted,

PLAINTIFF LOURDES RIVERA
By her attorney,

Dated: May 11, 2004

_____
Suzanne Garrow BBO# 636548
sgarrow@comcast.net
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
Ph. (413) 788-7988
Fax (413) 788-7996