UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. CV-04-30093 (MAP)

| | |
|---|---|
| LOURDES RIVERA<br><br>          Plaintiff,<br><br>v.<br><br>TRAMMELL CROW COMPANY<br><br>          Defendant. | **ANSWER AND**<br>**AFFIRMATIVE DEFENSES** |

Defendant Trammell Crow Company ("Trammell Crow"), by and through its attorneys, Paul Hastings, Janofsky & Walker LLP, hereby answers and responds to Plaintiff Lourdes Rivera's ("Ms. Rivera" or "Plaintiff") Complaint as follows:

## INTRODUCTION

1. Trammell Crow admits that Ms. Rivera purports to bring this action for equitable relief and compensatory and punitive damages against it, but denies that Title VII of the Civil Rights Act of 1964 as amended, the Massachusetts laws against discrimination, M.G.L. c. 151B, or any other law entitles her to the relief she seeks or any relief whatsoever.

2. Trammell Crow denies that Ms. Rivera was subjected to discrimination based on her national origin at any time.

3. Trammell Crow admits that Ms. Rivera purports to seek compensation, equitable and injunctive relief in this lawsuit but denies that she is entitled to any relief whatsoever.

STM /275868.2

Trammell Crow denies that Ms. Rivera suffered any "grave harm" and denies that she "continues to suffer" as a result of any Trammell Crow actions and/or omissions.

## PARTIES

4. Trammell Crow admits that Plaintiff is a citizen of the United States. Trammell Crow has no specific knowledge of the remaining allegations contained in Paragraph 4 and leaves Plaintiff to her proof.

5. Trammell Crow admits that it is a publicly traded corporation with a main office located at 2001 Ross Avenue, Suite 3400 Dallas, Texas and admits that it also conducts business at 1500 Main Street, Springfield, Massachusetts.

6. Trammell Crow neither admits nor denies the allegations contained in paragraph 6 of the Complaint and leaves Plaintiff to her proof.

7. Trammell Crow admits that it employs more than 6 persons. Trammell Crow neither admits nor denies the remaining allegations contained in paragraph 7 of the Complaint and leaves Plaintiff to her proof.

8. Trammell Crow neither admits nor denies the allegations contained in paragraph 8 of the Complaint and leaves Plaintiff to her proof.

9. Trammell Crow admits that it employs more than 15 persons nationwide, but asserts that it employs less than 15 persons at 1500 Main Street, Springfield, Massachusetts. Trammell Crow neither admits nor denies the remaining allegations contained in paragraph 7 of the Complaint and leaves Plaintiff to her proof.

## JURISDICTION AND VENUE

10. Trammell Crow admits that this lawsuit is brought and federal question jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended.

11. Trammell Crow admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) (3) but denies that the alleged discriminatory employment practices were committed within the County of Hampshire in the Commonwealth of Massachusetts and asserts that Ms. Rivera was employed in the County of Hampden in the Commonwealth of Massachusetts. Trammell Crow further asserts that if, as alleged in paragraph 4 of the Complaint, Ms. Rivera currently resides in Springfield, then she resides in the County of Hampden, not the County of Hampshire. Trammell Crow admits that it conducts business in the Commonwealth of Massachusetts, but neither admits nor denies Ms. Rivera's unclear allegation that Trammell Crow has "substantial business contacts" in the Commonwealth of Massachusetts.

## STATEMENT OF FACTS

12. Trammell Crow admits that Ms. Rivera purports to be a woman of Puerto Rican national origin but has no specific knowledge of that fact. Trammell Crow neither admits nor denies the remaining allegations contained in paragraph 12 of the Complaint and leaves Plaintiff to her proof.

13. Trammell Crow admits that Ms. Rivera was initially hired as a temporary employee with accounting duties in February, 2002.

14. Trammell Crow admits that it manages Tower Square and other properties. Trammell Crow neither admits nor denies that it has done so " at all times relevant to this Complaint."

15. Trammell Crow admits that in or around May 2002, Ms. Rivera was hired as a part-time employee with accounting and receptionist duties. Trammel Crow asserts that Ms. Rivera normally worked 24 hours per week, not 30 hours per week and that her primary duties were accounting duties.

16. Trammell Crow admits that Ms. Rivera's primary job duties were accounting duties and that she also performed receptionist duties one day per week.

17. Trammell Crow admits that Ms. Rivera was qualified for her part-time position, but denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Trammell Crow admits that in June, 2003, the primary receptionist at 1500 Main Street in Springfield resigned.

19. Trammell Crow admits that Lynne Caruso commenced employment as a part-time receptionist in June 2003.

20. Trammell Crow denies the allegations contained in Paragraph 20 of the Complaint.

21. Trammell Crow denies that "several weeks prior to [Ms. Rivera's] termination a new Director of Employee Relations began with Trammell Crow." Trammell Crow further asserts that this Complaint allegation fails to identify any individual by name and that it is unclear who Plaintiff is referring to in this allegation.

22. Trammell Crow neither admits nor denies the allegations contained in Paragraph 22 of the Complaint and asserts that this Complaint allegation fails to identify any individual by name and that it is unclear who Plaintiff is referring to in this allegation.

23. Trammell Crow admits that in August, 2003, Ms. Rivera was informed that her position was being eliminated based on a company reorganization.

24. Trammell Crow admits that in August, 2003 Plaintiff was informed that a permanent 40 hour per week position (the "newly created position") would be created for the Springfield location with significantly increased receptionist duties.

25. Trammell Crow admits that Ms. Rivera applied for the newly created position and was informed that all applicants were required to sit for a job interview. Trammell Crow denies the remaining allegations set forth in paragraph 25 of the Complaint.

26. Trammell Crow has no specific knowledge as to whether Ms. Rivera observed any of the other interviews for the new position, but asserts that she would have had no reason or authorization to observe or otherwise participate in other individual's job interviews.

27. Trammell Crow denies the allegations contained in paragraph 27 of the Complaint but admits that professionalism is a goal for all Trammell Crow employees.

28. Trammell Crow has no knowledge as to Ms. Rivera's subjective beliefs, but asserts that Mr. Christensen did not offer her the newly created position at any time.

29. Trammell Crow neither admits nor denies the allegations contained in paragraph 29 of the Complaint and leaves Plaintiff to her proof.

30. Trammell Crow denies the allegations contained in paragraph 30 of the Complaint and asserts that Ms. Rivera was accurately informed that she had not been offered the newly created position.

31. Trammell Crow denies the allegations contained in paragraph 31 of the Complaint.

32. Trammell Crow admits that Ms. Rivera was informed by Mr. Christensen that she was not selected for the newly created position.

33. Trammell Crow denies the allegations contained in paragraph 33 of the Complaint, but admits that the newly created position was filed by a more qualified applicant who is a white and female.

34. Trammell Crow denies the allegations contained in paragraph 34 of the Complaint and asserts that Ms. Rivera was being paid approximately $13.63 per hour.

35. Trammell Crow denies that it illegally terminated Ms. Rivera's employment but admits that Ms. Rivera purports to make that allegation.

36. Trammell Crow denies that it failed to hire Ms. Rivera in violation of law but admits that Ms. Rivera purports to make that allegation.

37. Trammell Crow denies the allegations set forth in paragraph 37 of the Complaint.

38. Trammell Crow neither admits nor denies the allegations contained in Paragraph 38 and leaves Plaintiff to her proof.

39. Trammell Crow denies the allegations set forth in paragraph 39 of the Complaint.

40. Trammell Crow denies the allegations set forth in paragraph 40 of the Complaint.

41. Trammell Crow denies the allegations set forth in paragraph 41 of the Complaint.

42. Trammell Crow does not dispute that all procedural conditions precedent to filing suit under M.G.L. ch. 151B have occurred or been complied with, but denies that Plaintiff states a factual claim upon which relief can be granted under the statute.

43. Trammell Crow does not dispute that all procedural conditions precedent to filing suit under Title VII have occurred or been complied with, but denies that Plaintiff states a factual claim upon which relief can be granted under the statute.

## FIRST CLAIM FOR RELIEF:
## DISCRIMINATION BASED ON NATIONAL ORIGIN
## IN VIOLATION OF M.G.L. c. 151B §§ 4(1) and (16A)

44. Trammell Crow incorporates its responses to paragraphs 1 through 43 above as if fully set forth herein.

45. Trammell Crow denies the allegations set forth in paragraph 45 of the Complaint.

46. Trammell Crow denies the allegations set forth in paragraph 46 of the Complaint.

## SECOND CLAIM FOR RELIEF:
## DISCRIMINATION BASED ON NATIONAL ORIGIN
## IN VIOLATION OF 42 U.S.C. § 2000E-2(A)(1)

47. Trammell Crow incorporates its responses to paragraphs 1 through 46 above as if fully set forth herein.

48. Trammell Crow denies the allegations set forth in paragraph 48 of the Complaint.

49. Trammell Crow denies the allegations set forth in paragraph 48 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Trammell Crow denies that Ms. Rivera is entitled to legal, equitable or any other type of relief. Trammell Crow further denies that Ms. Rivera is entitled to any costs or attorneys' fees.

## RESPONSE TO JURY DEMAND

Trammell Crow denies that there are any triable issues of fact and asserts that it should be granted judgment as a matter of law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

As to each Count, without conceding that Ms. Rivers, has suffered any damages as a result of any purportedly wrongful act by Trammell Crow, Ms. Rivera has failed to mitigate or reasonably attempted to mitigate her alleged damages as required by law.

### Third Affirmative Defense

The Complaint, and each purported cause of action contained therein, is barred because Trammell Crow's actions with respect to Ms. Rivera's employment have been lawful, proper, based upon legitimate, non-discriminatory factors and taken in accordance with rights and privileges afforded by law.

### Fourth Affirmative Defense

The Complaint is barred in part to the extent that it is alleged and proven that anyone with supervisory responsibility over Plaintiff engaged discriminatory conduct, which

is specifically denied, because (a) Trammell Crow exercised reasonable care to prevent such behavior, and (b) Ms. Rivera unreasonably failed to take advantage of any of the preventive and corrective opportunities provided by Trammell Crow to all of its employees.

### Fifth Affirmative Defense

The Complaint is barred because Ms. Rivera was originally hired by the same individual who determined that she was not the most qualified applicant for the newly created position and both determinations were made in close proximity to one another, demonstrating that discrimination was not a motivating factor for the allegedly discriminatory hiring and layoff decision.

### Sixth Affirmative Defense

Ms. Rivera has failed to plead facts sufficient to entitle her to an award of punitive damages.

### Seventh Affirmative Defense

Ms. Rivera may not be awarded punitive damages because Trammell Crow made good faith efforts to comply with all applicable laws, including Title VII and Chapter 151b and, even if a jury determined that one or more Trammell Crow employees acted in violation of Title VII or Chapter 151b (which is expressly denied), *Kolstad v. American Dental Association*, 119 S.Ct. 2118 (1999) and its progeny preclude Plaintiff from recovering any punitive damages as a matter of law.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Trammell Crow respectfully requests the following relief:

1. That the Complaint herein be dismissed with prejudice;

    2.    That Trammell Crow be awarded its reasonable costs and attorneys' fees incurred in connection with this action; and

    3.    Such other and further relief as may be appropriate.

Dated: June 29, 2004

Respectfully submitted,

THE DEFENDANT:

TRAMMELL CROW COMPANY
By Its Attorneys,

*/s/ Zachary R. Osborne*

Zachary R. Osborne  BBO# 644296
zacharyosborne@paulhastings.com
Paul, Hastings, Janofsky & Walker, L.L.P.
1055 Washington Blvd.
Stamford, CT 06901
Ph. (203) 961-7400
Fax (203) 359-3031

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of June, 2004, a copy of the foregoing Answer and Affirmative Defenses was forwarded by first class mail, postage prepaid to the following counsel of record:

>Suzanne Garrow
>Heisler, Feldman & McCormick, P.C.
>1145 Main Street, Suite 508
>Springfield, MA 01103

_____
Zachary R. Osborne