UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOURDES M. RIVERA,<br><br>                    Plaintiff,<br><br>- against -<br><br>TRAMMELL CROW COMPANY, INC.,<br><br>                    Defendant. | Civil Action No. 3:04-CV-30093 |

### REQUEST FOR PROTECTIVE ORDER

       This case is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

       The parties intend to engage in discovery including the disclosure of documents in accordance with Rule 26. Certain of these documents involve confidential individual personnel records and confidential and/or proprietary employment policies and procedures.

       Accordingly, the parties are in agreement that the Court should grant a narrow protective order as defined below. To the extent the documents are not filed with the Court, it is understood that the parties will maintain the confidentiality of all such documents, and to use them only in connection with this litigation.

**PROTECTIVE ORDER**

Until further order of the Court, it is hereby ordered as follows:

1. The term "documents" as used herein is intended to be interpreted consistently with the scope of discovery provided for in Rule 26 and including, without limitation, any and all documents, notes, correspondence, note books, calendars, appointment books, business records, books, policies, video or audio tapes, computer generated data, computer programs and any other written or printed materials and copies, notes, extracts or summaries created therefrom.

2. None of the parties or their counsel shall use any documents produced by any other party in this action (1) for any purpose other than those required or necessary for the litigation of this action; or (2) for any activities other than those required or necessary for purposes of pretrial or trial activities, or settlement of this action.  Such required or necessary litigation activities shall not be construed to include communications with persons other than the parties or their staff, counsel of record or their staff, persons specifically retained by a party to assist in the preparation or trial of this matter (such as accountants, consultants or other experts), or individuals likely to have discoverable information.

3. If any party produces any documents which it believes constitute Confidential Documents (as defined below), it shall stamp each such document "confidential". The following definitions shall apply in this order:

A. The term "Confidential Documents" means any and all documents (as defined above) from the files or possession of any of the parties (or copies, notes, extracts or summaries created therefrom) which contain information about (1) personnel records, (2) non-

public financial information, (3) the party's present or former corporate policies, procedures, or practices, (except documents which have been communicated or made generally available to the public), (4) trade secrets and/or proprietary information, or (5) any other matter the disclosure of which would disadvantage, damage or prejudice the Producing Party or any non-party.

  B. The term "the Producing Party" as used herein means the party to this lawsuit who produces a document designated as "confidential" pursuant to this order.

  C. The term "Receiving Party" means a party who receives from another party a document designated as "confidential" pursuant to this order.

  4. No other person other than the Producing Party or its counsel of record shall disclose to any other person Confidential Documents (as defined herein) or the information contained therein unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and information may be disclosed only to the following persons:

  A. Counsel of record for the Receiving Party and the employees of such counsel who are assisting said counsel in preparation for the hearing of this matter;

  B. Employees of Receiving Party who need to see such documents to assist in preparing for the hearing of this matter;

  C. Persons specifically retained by the Receiving Party to assist in the preparation or trial of this matter (such as accountants, consultants and other experts) who are not regular employees of the Receiving Party or counsel of record for such party, but only if such persons need the Confidential Documents or information therefrom to render such assistance

(such persons may not retain the Confidential Documents after their participation in the case is ended); and

    D.    Any deposition or trial witness at a deposition, hearing or trial, to the extent that it is necessary to tender to such witness a Confidential Document as an exhibit to elicit testimony relevant to the matters at issue in this case.

    E.    Non-parties who are likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings and who are not deponents or trial witnesses may only be given access to Confidential Documents by the Receiving Party after the Receiving Party has obtained permission from the Producing Party and followed the procedures contained in paragraph 5 of this order.

    5.    Before any person is given access to Confidential Documents or information therefrom under subparagraphs 4.C, 4.D and 4.E above, the Receiving Party's counsel shall provide such person with a copy of this Order and require such person to execute a written acknowledgement that he or she understands the terms of this Order and agrees to abide by them. (In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the order and obtain his or her acknowledgement one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional Confidential Documents.) No persons who are given access to Confidential Documents pursuant to subparagraphs 4.D or 4.E shall be permitted to retain copies of Confidential Documents. Counsel for the Receiving Party shall provide to counsel for the Producing Party within 10 days after entry of final judgment (or upon entry of a court order for earlier delivery) copies of all written acknowledgements executed pursuant to this

paragraph.  In the event any non-party deponent refuses to execute such written acknowledgement, such deponent may be shown the Confidential Documents only during his or her actual testimony and may not retain a copy of such documents.

6. No document (including pleadings, briefs, memoranda, depositions and exhibits) containing Confidential Documents or information contained therein or derived therefrom shall be filed with the Court unless filed separately under seal in an envelope marked with a legend substantially as follows:

> "THIS ENVELOPE CONTAINS CONFIDENTIAL
> INFORMATION, THE DISCLOSURE OR USE OF
> WHICH IS RESTRICTED BY COURT ORDER"

Where portions of a pleading containing Confidential Documents or information can be segregated, only those portions containing such confidential information need be filed under seal.

7. Each person given access to Confidential Documents or information therefrom pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any information set forth in said documents, if permitted to retain copies of Confidential Documents pursuant to paragraphs 4 and 5, and shall keep such documents and the information contained therein or derived therefrom confidential except as otherwise provided by the terms of this Order.

8. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of Confidential Documents and information therefrom shall continue to be binding upon all persons entitled to access under the terms of this Order, and the Receiving Party and counsel for such party shall return to the Producing Party all such

Confidential Documents and/or represent in writing that all copies, summaries, extracts and notes of such Confidential Documents have been destroyed.

9.  Nothing in this Order shall preclude a Producing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate.  Nothing herein shall limit a party's or its counsel's use of its own documents, or documents obtained from third parties, or any documents obtained outside the discovery process in this action.

10. It is understood that the measures that should be taken during trial of this case to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case shall be determined at that time.

WE CONSENT:

| | |
|---|---|
| __/s/ Suzanne Garrow_____<br>Suzanne Garrow  BBO# 636548<br>Heisler, Feldman & McCormick, P.C.<br>1145 Main Street, Suite 508<br>Springfield, MA  01103 | _/s/ Deborah E. Hryb_____<br>Deborah E. Hryb, Esq., *admitted pro hac vice*<br>Paul, Hastings, Janofsky & Walker, LLP<br>1055 Washington Boulevard<br>Stamford, CT 06901-2217<br>Telephone: (203) 961-7400<br>Facsimile: (203) 359-3031<br>deborahhryb@paulhastings.com<br>Counsel for the Defendants<br><br>Mary C. Dollarhide, Esq., *admitted pro hac vice*<br>Paul, Hastings, Janofsky & Walker, LLP<br>3579 Valley Centre Drive<br>San Diego, CA  92130<br>Ph. (858) 720-2500<br>Fax: (858) 720-2555<br>marydollarhide@paulhastings.com<br><br>and<br><br>Timothy F. Murphy, Esq.<br>Skoler, Abbott & Presser, P.C.<br>B.B.O. No. 556429<br>One Monarch Place<br>Suite 2000<br>Springfield, MA  01144<br>Ph. (413) 737-4753<br>Fax: (413) 787-1941 |
| ATTORNEYS FOR PLAINTIFF, | ATTORNEYS FOR DEFENDANT, |

LOURDES M. RIVERA					TRAMMELL CROW COMPANY, INC.


So ordered this __ day of _____, 2005.


_____